In The United States District Court for The
Middle Of Alabama Northern Division

RECEIVED
2006 JUL 13 A 9: 21
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No: 2:06cv613-MEF-SRW

Leander Calhoun* 198389
Pine Prairie Correctional Center
P.D. Box 650
Pine Prairie La. 70576

Central Review Board, Central Records
Alabama Department of Corr. P.O. Box 301501
Montgomery, Alabama 36130-1501
Defendants

State of Alabama Board of Pardon
And Paroles et.al. 301 South Ripley St.
P.O. Box 302405, Montgomery, Al. 36130-2405
Defendants

Alabama Attorney General
State of Alabama
11-South Union Street
Montgomery, Alabama 36130

Department of Public Safety
500 Dexter Ave.
Montgomery, Alabama 36104
Defendants

In The United States District Court For The
Middle of Alabama Northern Division

RECEIVED

Leander Calhoun #198389
      Plaintiff,

2006 JUL 13  A 9: 21

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

vs.

Civil Action no: 2:06cv 613
                        MEF-SRW

State of Alabama Board of
Pardons and Paroles, et.al.
Central Review Board,
Central Records,
Attorney General,
Dept. of Public Safety
            Defendant's

## Complaint For Declaratory Judgement

Comes now the Plaintiff Leander Calhoun, Pro-se in the
above-stated Causes and moves this Honorable Court to issue a
Declaratory Judgement and Injunctive Relief in respect to Plaintiffs
rights, and Legal status, in Relation to the Alabama Community
notification Act. to Plaintiff Substantive due Process, equal Protection
Clause, Proceedural due Process, and the Ex Post facto Clause of
the first and fourteenth amendments to the United states Constitution.

## Jurisdiction

This Court has Jurisdiction to entertain this Petition under
the direct authority of 28 U.S.C. 1331, and 1343 (a)(3) and 28 U.S.C.
2201, 2202, and Rule 57 of the Federal Rules of Civil Proceedure,
and the Plaintiff Seeks Injunctive Releif as authorized under 28 U.S.C.
2283 2284, and Rule 65 of the Federal Rules of Civil Proceedure, and a
      Any decision handle down by the U.S. Supreme Court as defined
by Article III of the U.S. Const. and by 28 USC. 1251-1258.

(1)

# Count 1

Alabama passed it's Version of the "Megan Law" Call the Community Notification Act Codified in Ala. Code 15-20-20 through 15-20-24, (1975) and amend the act in 1998 Ala. Act No. 489, enacted May 1, 1998, effective, August 1, 1998, The plaintiff was sentenced after After a guilty plea to Attempted Rape I. On 1-05-98 in The Circuit Court of Talladega County Alabama (See Exhibit A) I was sentenced to (20) twenty years on April 30, 1998, (See Exhibit B)

The Plaintiff was denied Parole on 6-22-06 (See Exhibit C) the above notification act was amended applies to both Juvenille and adult Sex offenders, Ala. Code 15-20-21 (A)(4)(1975), the act has three (3) Parts (1) Registration, (2) Community Notification Act.

and (3) Residency Prohibition. The defendants have Violated due Process rights of the Plaintiff as treating the Plaintiff as a Sex offender Under Ala. Act No. 489. Without a hearing of notice dispensing the Plaintiff criminal history without a Judicial deter- mination of the high risk of the to reoffend. The registration Part (i) of the Act requires all Persons who complete a sentences for Certain designated crimes involving Sexual assualt to register with the Local Law enforcement N.J.S.A. 2. C 7.2.B (i) those committing these offense and completing all incarceration, Probation and Parole before the Laws enactment must register only if at the time of Sentencing their conduct was found to be characterized by a Pattern of repetitive and compulsive behavior. See Ala. Code 15-20-26.

The Plaintiff crime was committed in 1998 well before this Act became effective August 1. 1998, and therefore, the Plaintiff would only be required to comply with this Provision if "at the time of Sentencing (April 30, 1998) his conduct was characterized by a "Pattern" of Repetitive and Compulsive behavior I.E. a high risk to reoffend. The Plaintiff offense was committed on December 16, 1996, and was sentenced on April 30, 1998, to Attempted Rape I.

When the offense was Committed and the Plaintiff was Sentenced, Act No. 96-793 was ineffect which States (A) for the Purpose of this Act a Criminal Sex offender Shall mean a Person Convicted of any of the following Criminal Sexual offense, Rape I, or II, Sodomy I, or II, Sexual abuse I, or II or incest when the offender is 20 years old and the Victim is 18 or younger. Section (1) of the Community Notification Act. Act No. 98-489 allows the Court to Sentence Certian indivuals to a Period of Probation upon Conviction of any Crime other than A Class A felony if the Court is of the Opinion that Present or extended institutional confinement of the defendants is not necessary for the Protection of the Public and Such disposition is not inconsistent with the end of Justice.

The Courts have on many occussions considered what due Process, Registrants are entitled to under the fourteenth Amendment of the Federal Consitution. "The right to notice is not absolut. instead due Process Provides a right to reasonable notice" Artway, 81. F.3d at 1252 quoting Mullan v. Central Hanover Bank and Trust Company 399 U.S. 306, 314. 70. S.Ct. 652, 657. 94 L.ed. 865 (1954). The State Cannot dispense with notice when that notice is Possible

and irreparable harm could result. 81 F. 2d 218, 224
( 3rd Cir. 1987) the defendants have failed to provide
the Plaintiff with the due Process requirement causing
the Plaintiff irreparable harm from fliers being
distributed. The Megan laws Standard for dispensing
with notice as articulated in Doe and the guidliness
inudue Cases when it is impossible as a Pratical
matter to give notice or to do so in a timely manner
662 A 2d at 382, guidliness at 17. In the Plaintiff ~~the~~
Case, the notification is issued without notice and there
is nothing to show that the defendants have ever
dispensed with notice or Plan to do so. The defendants
went beyond the law to dispense without any regards
to the Plaintiffs Constitutional rights. in Henander US.
Fundora, 58, at 806, the concept of notice is funda-
mental to our system of Justice. Albeit, in a different
context the Court recently Affirmed the important
of the Role of notice in our Constitutional JurisPrudence
elementary nations ~~not only of the Conduct that
will Subject him to Punishment~~ of fairness enshrined
in our Constitutional JurisPrudence dictate that a
Person receive fair notice not only of the conduct
that will Subject him to Punishment but also of
the severity of the Penalty that a state may
impose. See BMW. of North America V. Cove, U.S.
116 S.Ct. 1589, 1598, 134 L ed 2d 809 (1996) The
notification scheme in the Plaintiff case warrants

(5.)

a searching inquiry of due Process because the
Scheme invades the Plaintiff liberty interest and
due Process rights to be free from tier (2)
Community Notification and tier (3) Home Residences
Prohibition absent any overriding State interest.
E.B. Vetniers contains the Megan law Scheme, at
119 F. 3d 1077 (3rd Cir) it address the facts that
liberty interest trigger Procedural due Process and may
be Created by State law or by the federal Constitution
itself, See Sandlin V. Connor, 515 US. 472 115 S.Ct
2293, 132 L.ed 2d 418 (1995). The Plaintiff not only
has a liberty interest recognized by the Federal
Constitution, but also a liberty interest Created by
the Ala. Const. of 1901 of which he Can't be
deprived of due Process of the Fourteenth Amendment.
If State law required that freedom of a Person on
Parole or Probation Cannot be taken away without
Cause, the State Created a liberty interest that cannot
be taken away without due Process of the 14th
amendment. See Gagnon V. Scarper, 411 US. 778,
93 S.Ct. 1756, 36 L.ed 2d 656 (1993) Morrisey V.
Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.ed 2d 484
(1972). Similary here we Know from Doe that
the New Jersey Constitution gave tier (2) and
tier (3) Registrants the right to be free from
tier (2) and tier (3) Notification absent a

(6.)

Overriding state interest. The New Jersey Supreme Court held not only that tier 2 and tier 3 registrants have a right under the Constitution to Proceedural due Process, but also a right under the Constitution to be free from the disclosue required by the Megan Law absent a demonstration that such disclosue is required by a legitimate and substant state interest. The Plaintiff contends that the 2 Proceedural Protection due him are absent from the Community Notification scheme which violates the due Process Clause, The tier (2) and tier (3) Classification, the registrants classification and notification must come about in Plaintiff case after a hearing in which the Prosecutor has the burden of Persuasion and must Prove his case by clear and convinecing evidence. More Precisely Prior Court decisions indicate that identification of the specific dictates of due Process requires consideration if 3 distinct factors are Present (1) The Private interest will be Affected by official Action; (2) The risk of an erroneous dePrivation of such interest through erroneous dePrivation of such interest, The Proceedure used, and the Probable Value if any of additional or substitute Proceedural safeguard (3) the governments interest including the function invalued and the fiscal and administrative burdens that additional or substitute Proceedural requirement would entitle See. Matthews, 424, U.S. at 336-35, 96 S.Ct. at 903

(7.)

The Court first addressed whether the due Process Clause would Permit the States to allocate the burden of Persuasion in a megan law Proceeding to the registrant being as directed, the Private interest involved and Publice, the Private interest that will be involved or affected by the state notification in tier 2 and tier 3 Cases if the outcome of the hearing is in the state interest or favor are very Substantial, Notificaton Puts the registrants livelihood, domestic tranquillty and Personal Relationships with all around him in grave Jeporady, millhouse at 1107 allocation of the burden of Persuasion, this Jeporady will not only intend to virtually every aspect of the Registrants everyday life, it will last for at Least (15) years as the New Jersey Supreme Court recognized in Doe. A registrant thus has a Compelling interest in a accurate and reasonable disposition before the Court in a Megan law hearing. The Plaintiff is Constitutionally entitled to nothing less. The state on the other hand has a Compelling interest in Protecting its citizens and relevant care giving by giving Prompt notification to Potential Victims with respect to registrants who are accurately determined to be tier 2 and tier 3 risks.

The Plaintiff has not been accurately determined to be a tier 2 or tier 3 risk although he is entitled and has a Compelling interest in having an expidites Summary Process.

(8.)

The State also has an interest in ensuring Summary that its Classification and notification System is both fair and accurate Conversely, the states has no Substanial interest in notify Persons, Community or Otherwise who will not Come into Contract with the registrant, nor imposing the residencey Probibition.

The Plaintiff has erroneously lean indentified as a moderant or high risk. C.F. Stantosky 455 U.S. at 766, at 102 S.Ct. at 1401-02, noting that even when the Seeks to terminate Parental rights in an accurate fact finding as to their fitness, given the Respective Private and Public interest at Stake the burden of Persuasion must be Placed on the State, finally, the Court in Doe had little doubt as Part (1) (D) makes Clear, the Particular decision of notification under Megan law in no way Contradicts this history and as Part II makes Clear the effects of notification measures Strongly Suggest their Purative nature, Sufficient Proof of an objective Punstive intert motivations the notification machinely, the Court in Roe v. office of Adults Probation 938 F. Supp 1060 (1) Conn 1996) Addressed the issue throughly of the EX Post facto Clause and determines that the retroactive application of the guideliness offends the EX Post Facto clause, treating the guidliness as Law for the Purpose of the

(9.)

Ex Post facto Clause was found to be approp-
riate as would be in the instant case the
Retroactive application of any Sanction implicate
in the case of Roe, Connecticut decidedly voiced
its will that the law was to be applied Prospectively
the defendants Unilateral decision to Apply the
Communits Notification Act Retroactively "however
has resurected an issue already laid to rest and
transpired in the Plaintiff Case, the range of Ex Post
Facto clause first explored by the Supreme Court
in Calder v. Bull 3 U.S. 386 L.ed 648 (1798) where
the Court identified 4 Catagories which Prohibit
every law that changes the Punishment and inflicts
greater Punishment that the law Annexed to the crime,
or increase the Punishment for the Criminal Acts.
California Dept. of Corr. V. Morales U.S. 115 S.Ct.
1591, 1601 131 L.ed 2d 588 (1995) quoting Collins V.
Youngblood 497 U.S. 37, 43, 110 S.Ct. 2715, 2719, 111
L.ed 2d 30 (1990) with respect to Retroactively
the question is whether the law change the legal
consequence of Acts Completed before the effective
date. United States V. Meeks 25 F.3d 1117, 1119
( 2nd cir. 1994) quoting Weaver Graham 450 U.S.
24, 31, 101 S.Ct. 960, 965, 67 L.ed 2d (1981) for the
reasons stated below the Court held that the

(10.)

Community notification Provision of the guideliness Constitute Punishment and then retroactive application would offend the Ex Post facto Clause of the U.S. Constitution and would apply in the Plaintiff case. the effect of the Community notification Act does amount to Affirmative disiebility See Pataki 919 F. Supp at 701 Rove 884 F. Supp at 1378, Notification is in affirmative Placement by the state of a form of Public stigme to the Plaintiff and this stigma by its Very nature Prevades into every aspect of the offenders life, notifying neighbors, Landlords will impede Freedom of movate, thereby controlling the Plaintiff behavior, the guideliness alter the definition of the  Plaintiff Crime, the nature of Punishment has been increased by virture of the notification Provision, it is Clear that the Purpose of the Community notification act is deteriminal which is traditionally a goal of Punishment See Patak 919, F. Supp at 701, Rove 884 F. Supp. at 1397, while this factor is by no means dispositive See Ursey, at 116 S. Ct. at 1249, the focus of the guideliness on Specific determine another than General deterrence weigh in favor of a Punitive Sanction as found by Judge Chin Community notification law are

by their nature intertwined with behavior that is already a crime. Patak 919 F. Supp. at 700, Rowe 884 F. Supp at 1379. The Court must not forget that the reason the guideliness have been applied to the Plaintiff is soley and exclusively his Past Crime or Criminal behavior, Consideration of this factor also leads to finding of Punishment when the Plaintiff committed his Crime and was Sentenced Alabama had no such laws, and being forced to Succumb to a Policy instituted so long after a Plea of Guilty is entered is unreasonable is worth repeating the two consectutive Sentence in Halper 490 U.S. at 448, 109 S.Ct. 1901-02 Citation ommitted from these Premises it follows that a Civil Sanction that cannot fairly be said soley to Serve a remedial Purpose, but rather Can only be explained as also serving either retributive or deterrent Purpose is Punishment as the term is understood, that therefore under the double Jeopardy Provision a Person who has already been Punished in a Criminal Prosecution may not Subjected to an additanal Civil Sancton to the extent that the Second Sanction may not be fairly said to be Serving remedial Purpose, but rather Could only be explained as also Serving either retributive or deterrent Purpose is Punishment the State by

(12.)

Code of Alabama 1975 Section 6-6-220, 221,
Thru, 227. Alabama Rules of Civil Procedure

Count (2)

This issues Presented are as follows (1) Whether the board
of Pardon and Paroles follows the standard mandated by law
in denying Plaintiff's Parole: (2) whether the denial of Plaintiff
Parole was the result of arbitary and Capricious action or an
abuse of discretion on the Part of the Board of Pardon and Paroles.

The Plaintiff, Leander Calhoun* 198389 an inmate in the State
Penal System, contends that he was denied Parole by the Board
due to arbitary and Capricious action on the Part of the board,
he is seeking a Declaratory Judgement mandating his
release from Confinement; and alternatively. A Declaratory
Judgement ordering the Board to Grant his Parole.

Both issues Presented may be resolved by reviewing
the applicable standards as enumerated in Section 15-22-26,
Supra, in Conjunction with evidence Submitted to this Court
as long as these standards are followed by members of the board
of Pardon and Paroles, action taken by the board are not arbitary
and Capricious or abusive of discretion.

Alabama legislative standard for Parole action has been
recently analyzed by Judge Truman Hobb United States District
Judge, in the Case of Johnston v. Alabama Board of Pardon
and Paroles Board, 530 F. Supp. 589 (M.D. Ala. 1982) Judge Hobb
succinctly states. This issue of an inmate's entitlement to the
Constitutional Protection of due Process in regard to Consideration
for Parole was addressed by the United State Supreme Court in

13.

Greenholt v. Inmates of the Nebraska Penal an Correctional Complex 442 U.S. i 60 L.ed 2d 668, 99 S.Ct. 2100 (1979). The Supreme Court in Greenholt held that a statutory Provision that hold out the mere Possibility of Parole does not Create a liberty interest entitled to the Protection of due Process Id. at 11. In that Case, however the Supreme Court found that the unique structure and language of the Nebraska Parole Statute Provide and expecation of Parole sufficient to Create a liberty entitled to Constitutional Protection Id at 12. Since the Supreme Court emphasized the unique Structure and Language of the Nebraska Statute and the need for a Case by Case analysis of whether other State Parole statutes Provide a Protectible entitlement, the task now before the Court is to Compare the features of the Nebraska Statue with those of it's Alabama Counter Part.

The Nebraska Parole Statute requires that the Board of Pardon and Paroles order an eliaible Prisoner's release unless it found on of (4) four Specific reason to deny release Section 83-1,114 (1) of the Nebraska Revised Statutes Provides. Whenever the Board of Parole Consider the release of a Committed offender who is eligible for release on Parole, it Shall order his release unless it is of these opinion that his release Should be deferred because:

(A.) There is a substantial risk that he will not Conform to the Conditions of Parole.

(B.) His release would depreciate the seriousness of his Crime or Promoted disrespect for the Law.

14.

(C.) His release would have a Substantially adverse effect on institutional discipline; or

(D.) His Continued Correctional treatment, medical Care or Vocational or other training in the facility will Substantially enhance his Capacity to lead-abiding life when release at a later date.

The Alabama Parole Statutes, on the other hand are Substantially different from the Nebraska Statute Scrutinized in Greenholtz Section 15-22-26 of the Alabama Code.

The Plaintiff insists that the Board members, did not indicate in writing that "incompatibility with the welfare of Society was the reason for their denial of the Parole. The Plaintiff takes the Position that the decision must have therefore been based on improper reasons and standards. The Plaintiff contends that the sole reason for denial of the Parole was a letter of objection Sent to the board by the Attorney General of the State of Alabama District Attorney office. Protest. However, the witnesses from the board testified that's Plaintiff's release on Parole would not be Compatibile with the welfare of Society. A Prisoner has the right to be Properly Considered for Parole, Christopher V. U.S. Board of Pardon of Paroles. 589 F. 2d 924 (7th Cir. 1978). Wallace V. Turner, 525 F. Supp. 1072 (S.D. Fla. 1981). The Paroling authority may Comply with Constitutional requirement and may not determine Parole eligibility on improper grounds Wallace V. Turner, Supra A. Parole Should not be denied for false, insufficient, or Capricious reasons.

The facts established that Calhoun file was reviewed several time before the 6-22-06 denial of his Parole.

Calhoun argues that although he has no liberty interest in Parole, he has a due Process right to be fairly Considered for Parole. He Contend that the defendant's reliance on admitted false information in order to deny him Parole or a minimum security Classification violates due Process. Calhoun that the therefore has a due Process right to have the false information deleted from his P.S.I. 1932 F. 2d 1441) In Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.ed .2d 688. (1979), The Supreme Court held that the Constitutional does not Confer a liberty interest in Parole, The Court also determined. however, that state may Confer such a liberty interest in Parole under state law. Id at 12,99 S.Ct. at 2106, When a state statute, Pratice, or regulation Provide for an expectancy of Parole and limits official discretion to deny Parole. Then a liberty interest in Parole is Created. Id Applying Greenholtz, we have Previously determined that the Alabama Parole statute Ala. Code 15-22-26 (1975) The Plaintiff Leander Calhoun #198389, who had been denied Parole; made the Conclusory allegation that the board must have relied upon erroneous information because otherwise the board would surely have Granted him Parole. Slocum 678 F. 2d at 941. The Plaintiff then sought to asserts a due Process right to examine his Prison file for the alleged errors, unlike the instant case, in Slocum the state did not admit that it had relied upon false information in denying Parole that his Prison file even Contained any false information we held in slocum that Prisoners do not state a due Process claim by merely asserting that erroneous information

16.

may have been used during their Parole Consideration. It at 942. at least in Parts to deny Calhoun Parole and to classify him as a Sex offender Alabama Classifies Prisoners into five (5) maximum, Close, medium, minimum and Community, Hendking v. Smith 781 F.2d 850, 851 (11th Cir. 1986). A minimum Security Prisoner may enjoy Certain Privileges e.g. assignment to an "Honor Farm" or receipt of short-term Passes to leave the Prison Facility. Id. In 1980, the DOC adopted a Rule that a Prisoner who is determined to be a Sex offender may not be Classified in any statute less Secure than medium. Id. medium Security. It appear that Plaintiff have been Classified as a medium Security Prisoner before the rule disqualifying Sex offender from this had been adopted Apparently, the DOC did not apply this Rule Retroactive.

This regulation Criteria for Placement in medium Custody Contains a Foot note that Clarifies the Policy on what is meant by sex offense.

This is not limited to Present or Past Convictions for a sex offense, It may also apply where the details furnished to the DOC by the Court. by P.S.I. by District Attorney or Othere official Source Show that a Sex offense was involved in the Commission of the Crime for which the inmate was Convicted. Plaintiff asserts that the fourth Circuit has recognized a due Process right to be fairly Considered for Parole See Paine v. Baker 595 F.2d, 197 (4th Cir.) cert. denied, 444 U.S. 925. 100 S.Ct 263. 62 L. ed. 2d 181 (1979) In Paine the fourth Circuit held that a Prisoner has a due Process right to have Prejudical information deleted from his Prison files if exists the following Elements are Proven (1) Specific information exists

in the Prisoner's file. (2) the performe information is false, and (3) The information has been relied upon for a Constitutionally Significant degree. Section 15:22-26 of the Alabama Code set forth the following Standard for the release of Prisoner on Parole.

No Prisoner shall be release on Parole merely as a reward for good Conduct or effecient Performance of duties assigned in Prison, but only if the board of Pardon and Paroles is of the opinion that there is a reasonable Probability that, If such Prisoner is released, he will live and remain at Liberty without violating the law and that his release is not incompatible with the welfare of society. If the board shall so determined, such Prisoner shall be allowed to go upon Parole ~~oust~~ outside of Prisoner wall and enclosure upon such terms and Condition as the board shall Prescribed but to remain while thus on Parole in the legal custody of the warden of the Prison from which he is Parole until the expiration of the maximum term Specified in his Sentence or until he is fully Pardoned.

In Andrus v. Lambert, 424 So.2d, 5,9 (Ala. Crim. APP. 1982) the Alabama Court of Criminal Appeals stated that "Parole should not be denied for false, insufficient, or Capricious reason" Andrus further Stated that a Prisoner has a right to be Properly considered for Parole and that the "Paroling authority must comply with Constitutional requirement and may not determine Parole eligibility on improper ground. In evaluating the effectivenesse of the Presently Prescribed Penalties, it must be recognized that special incentive in our Penal system serve to decrease the actual time Spent in a Penal sytem institution under a Sentence imposed by the Court. The Violator is eligible for Parole after seruing one-third of his Sentence... Available data from the the Bureau of Prison. There are additional reason for

believing that the no-Parole Provision is an element of Plaintiff "Punishment" First only an unusual Prisoner Could be expected to think that he was not Suffering a Penalty when he was denied eligibility for Parole. United States v. Ross (417 US 663), 464 F.2d 376,379 LCA21972. United States v. De Simone. 468 F.2d 1196,1199 LCA2 (1972) For the Confined Prisoner, Parole-even with it's legal Constraints-is a long Step toward regaining lost Freedom. "It may be legislative grace for Congress to Provide for Parole but when it expressly removes all hope of Parole upon Conviction and Sentence for Certain offense.... This is in the nature of an additional Penalty Durant v. United States, 410 F.2d 689, 691. LCA8 1969).

Second a repealer of Parole eligibility Previously available to imprisoned offender would Clearly Present the Serious question under the Ex Post Facto Clause of Art. I.9, Cl.3 of the Constitution, of Whether it impose a "Greater or more Save Punishment than was Prescribed by the law at the time offense "Rooney v. North Dakota, 196 US 319.325, 49 L.ed 494. 25 5.Ct. 264 (1905) Lemphasis added) See Love v. Fitzharris 460 F.2d 332 LCA9 1972) CF Lindsey v. Washington, 301 US 397,81. L.ed 1182, 57 5.Ct. 797 (1937.) Holden v. Minnesota 137 U.S. 483. 49-492, 34 L.ed 734, 11 5.Ct. 143 (1890) Calder v. Bull 3 Dall. 386,390, 1 L.ed 648 (1998) United States Ex rel. Umbenhawar v. McDonnell 11 F. Supp. 1014 LND111 (1934). In this Case, however we are faced with a decidedly different Situation, Plaintiff Calhoun in no way is Seeking to avoid Punishment for his Criminal Act, and he is still fully Subject to the Service of his Sentence. Eligibility For. Parole. What Calhoun Seek is

merely this opportunity to be Considered For Parole. eligibility For Parole will not Free him from his Sentence. The decision whether he should be accorded parole lies within the discretion of the Board Of Parole If for any reason the Board feels that Parole would not be appropriate for the plaintiff. It can be denied And Calhoun will remain incarcerated for the term to which he is Subject, Moreover, even if parole is deemed appropriate and is granted, Plaintiff Still would be Subject to the Condition the parole authorities Choose to place on his Conditional Freedom. While on Parole remains "In the legal Custody and under the Control of the Parole Board" United States ex rel Rowe V. Nicklson 78 F. 2d 468, 469-470 Cert. denied 296 US. 573, 80 L.ed 405, 56 S.Ct. 118 (1935) Alvarado v. Mclaughlin, 486 F. 2d 541, 544 (1973) See Also (417 US 667) The Liberty of a parolee enables him to do wide range of thing open to persons who have never been convicted of any Crime... Subject to the Condition of his Parole he can be gainfully employed and is free to be with his family and friends and to form the other enduring attachments of a normal life. Though the State properly Subject him to many restrictions not applicable to other Citizens, his Condition is very different from that of Confinement in a prison, A parole Should not be denied for false, insufficient, or Cap-ricious reasons.

applying this act to the plaintiff violate 15-20-33 of the Amend 1999 act which Provides in Part:

"Any adult Criminal Sex offender Convicted Prior to this Act is exempt from notification Act and Residency Provision unless he or she Changes Residency.

Wherefore, Plaintiff request this Court to determine whether Act 99-572 as applied to him would be a violation of the Due Process and Ex Post facto Clause.

For the reason stated the Plaintiff is due to be granted Declaratory Judgment Relief setting forth in his Legal Statute and right under the Megan Law,

                                   Leander Calhoun
                                   198389-Lake D-Bed-50
                                   Pine Prairie Corr, Center
                                   P.O. Box 650
                                   Pine Prairie La 70576

Done on this 10th day of July 2006.

21.

# Certificate of Service

I hereby Certify that, I have served a Correct Copy of the foregoing on all Defendant, by Placing the same in the mail First Class Postage Pre-Paid and Properly addressed Correctly.

Respectfully Submitted

Leander Calhoun

Done this 10th day of July 2006.

Central Review Board, Central Records
Alabama Dept. of Correction  P.O. Box 301501
 Montgomery, Alabama 36130-1501

State of Alabama Board of Pardon an Paroles et. Al.
301 South Ripley Street, P.O. Box 302405, Montgomery
Alabama 36130-2405

Office of the Attorney General
Troy King State of Alabama
 11-South Union St.
Montgomery, Alabama 36130-0152

Department of Public Safety
 500 Dexter Ave.
Montgomery, Alabama  36104