IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEANDER CALHOUN, #198389, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-613-MEF |
| | ) | |
| CENTRAL REVIEW BOARD, DEPT. OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On July 13, 2006, the plaintiff filed a complaint in which he complains that his conviction for attempted first degree rape will require that, upon his release from prison, he register as a sex offender in compliance with the provisions of the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended).[1]  Calhoun also asserts that he has been denied fair consideration for parole.  In support of this claim, Calhoun argues that "the denial of . . . parole was the result of arbitrary and capricious action or an abuse of discretion on the part of the Board of Pardon and Paroles[,]" and the parole board members relied on false information in denying him parole.  *Plaintiff's Complaint* at 14, 16-18.

---

[1] 1. Calhoun complains that when he is released from the term of his incarceration application of the Alabama Community Notification Act will violate his constitutional rights to due process and equal protection.  He further agues that the Act imposes unconstitutional punishment under the Ex Post Facto Clause.

Claims arising from possible future application of the Alabama Community Notification Act are not ripe for adjudication. *Kirby v. Siegelman*, 195 F.3d 1285, 1289-90 (11th Cir. 1999).

> As part of the "case or controversy" requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute. *See O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Essentially, the ripeness requirement "prevent[s] the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The ripeness requirement prevents courts from interfering with legislative enactments before it is necessary to do so, and enhances judicial decision-making by ensuring that cases present courts with an adequate record for effective review. *Id.* Ripeness requires the weighing of two factors: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review. *Id.* at 139, 87 S.Ct. 1507.
>
> In *Artway v. Attorney General of State of N.J.,* 81 F.3d 1235 (3rd Cir. 1996), the Third Circuit thoroughly examined the ripeness requirement as applied to New Jersey's community notification law. *Artway* involved a convicted sex offender who sought an injunction against the enforcement of a New Jersey statute requiring certain convicted sex offenders to register with local law enforcement officials. Additionally, the statute provided for community notification upon the release of certain sex offenders. The district court upheld the registration component of the statute, but enjoined enforcement of the community notification provision. On appeal, the Third Circuit held that the challenge to the notification aspects of the statute was not ripe. We agree with the reasoning of the Third Circuit....

195 F.3d at 1290.

In 1998, the Circuit Court of Talladega County imposed a conviction for attempted rape first degree upon Calhoun and sentenced him to twenty (20) years' imprisonment. The plaintiff's conviction for attempted rape constitutes a sex offense as defined by *Ala. Code* § 15-20-21(4)-4(k). As a convicted sex offender, Calhoun will be subject to the Act upon his release from prison. However, Calhoun's minimum release date is October 3, 2018. His next parole consideration date is not until June of 2008. Because both the scheduled release date and date of consideration for parole are future dates, Calhoun has failed to set forth a claim which demonstrates that he has suffered an injury from the Act. Based on the foregoing, the claims for relief related to the Alabama Community Notification Act are not ripe for adjudication.

Calhoun also seeks to challenge the constitutionality of the most recent decision to deny him parole. He names the Alabama Board of Pardons and Paroles as the sole defendant responsible for this alleged constitutional violation. The Alabama Board of Pardons and Paroles is immune from suit. Thus, Calhoun has failed to name a proper defendant with respect to his parole claims.

In light of the foregoing, and for good cause, it is

ORDERED that on or before August 15, 2006 the plaintiff shall file an amended complaint which:

1. Presents claims relative only to the decision to deny him parole entered in June of 2006.

2. Names as defendants those individuals who allegedly violated his constitutional rights during the parole consideration process.

3. Describes how each named defendant violated his constitutional rights.

4. States the precise relief he seeks from this court.

*The plaintiff is advised that this case will proceed only on those claims presented in the amended complaint and against the individuals named in the amended complaint*. The plaintiff is *cautioned* that failure to comply with the directives of this order will result in the dismissal of this case.

DONE, this 2nd day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE