IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEANDER CALHOUN, AIS#198389 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v.                            ) | Case #2:06-CV-613-MEF |
| ) | |
| ) | |
| WILLIAM SEGREST, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Comes, now, the Defendants, William Segrest, Cynthia Dillard, Sidney Williams, and Carolyn Flack in response to the Court's Orders dated August 18th, 2006 and submits the following Answer to Plaintiff's 42 U.S.C. §1983 Amended Complaint:

1. Plaintiff contends the Defendant's relied upon false information in denying his parole. Plaintiff fails to state to which report he references, but if it is the 4-22-98 presentence report the claims are barred by a 2-year statute of limitations.

2. Plaintiff does not appear to be seeking damages at this time, but probation and parole officers are immune from damages in §1983 actions concerning reports prepared for the Board or the Courts.

3. Prison inmates in Alabama do not have a *liberty interest* in being paroled that is protected by the due process clause of the Constitution.

4. Defendant William Segrest is the Parole Board's Executive Director and as such is the custodian of the records. Segrest denies any action in performing his duties whereby "known false" information was used that adversely affected Plaintiff. Segrest is not a Board member and did not participate in the decision to deny Plaintiff's parole. Segrest denies violating Plaintiff's due process rights.

5. Cynthia Dillard is the Acting Executive Director of the Board of Pardons and Paroles and denies any action in performing her duties whereby "known false" information was used that adversely affected Plaintiff. Dillard is not a Board member and did not participate in the decision to deny

    Plaintiff's parole. Dillard denies violating Plaintiff's due process rights.

6. Sidney Williams is Chairman of the Board of Pardons and Paroles and denies relying on any "known false" information concerning Plaintiff's parole consideration. In fact, Williams did not sit on the Board member panel that denied Plaintiff's parole, therefore took no action concerning Plaintiff. Williams denies violating Plaintiff's due process rights.

7. Carolyn Flack is the Director of Administrative Operations for the Board of Pardons and Paroles and denies any action in performing her duties whereby "known false" information was used that adversely affected Plaintiff. Flack is not a Board member and did not participate in the decision to deny Plaintiff's parole. Flack denies violating Plaintiff's due process rights.

11. Parole is a discretionary decision and Plaintiff has no liberty interest in being parole, therefore the due process clause of the Constitution provides no protection on the matter.

8. Plaintiff has the burden of proof to show the Board relied on "knowingly false" information. Plaintiff has failed to meet his burden.

9. Plaintiff makes a blind statement that a report has been sent to the Parole Board that states: "Leander Calhoun did make threat force, intimidation, violently cursing the alleged victim during the course of the crime"(see Amended Complaint, P.4, 3rd para.). Plaintiff has failed to provide *any* evidence that such a report even exist, nor does he identify the report to which he makes references.

### Conclusion

Premise considered, the Defendants are entitled to be dismissed form this action for failure to state a claim upon which relied may be granted. (Rule 12(b)(6), Fed.R.Civ.Proc.). None of the named Defendant's participated in the decision to deny Plaintiff's parole.

In the alternative, the Defendants are entitled to dismissal on the merits as a matter of law. (Rule 56,

(Fed.R.Civ.Proc.). Plaintiff has no liberty interest in being paroled, therefore, the due process protections of the Constitution are inapplicable.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 10-10-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**LEANDER CALHOUN
AIS# 198389-BEAR CAT-DORM-4-BED-38**

**SOUTHERN LOUISIAN CORRECTIONAL CENTER
3843 STAGG AVENUE
BASILE, LOUISIANA 70515**

Done this **10TH** day of **OCTOBER 2006**.

        Respectfully submitted,

        s/ STEVEN M. SIRMON
        ASSISTANT ATTORNEY GENERAL
        State Bar#: ASB-5949-S61S
        Ala. Bd. Pardons and Paroles
        301 South Ripley Street
        P.O. Box 302405
        Montgomery, Alabama 36130
        Telephone: (334) 242-8700
        Fax: (334) 353-4423
        steve.sirmon@alabpp.gov