IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEANDER CALHOUN, AIS#198389 )<br>)<br>    Plaintiff,    )<br>)<br>)<br>v.    )<br>)<br>)<br>WILLIAM SEGREST,    )<br>    et al.,    )<br>)<br>    Defendants.    ) | Case #2:06-CV-613-MEF |

**SPECIAL REPORT**

Comes, now, the Defendants, William Segrest, Cynthia Dillard, Sidney Williams, and Carolyn Flack in response to Plaintiff's Amended Complaint and the Court's Order dated August 18th, 2006, and submits the following:

**Defendant's Understanding of the Complaint**

Plaintiff is serving a 20-year sentence received in 1998 for Attempted Rape I. He was considered for and denied parole on 6-20-2006. He was reset for parole consideration in June 2008.

1

Plaintiff brings his Amended Complaint alleging that the Defendants maintained and relied upon false information in their file to deny his parole. Plaintiff claims this action violated his Constitutional right to due process.

Plaintiff seeks a declaratory judgment that his due process rights were violated and a permanent injunction against the Defendants to stop using erroneous and false information against him. He seeks any other relief to which he is entitled.

### Exhibits

| | |
|---|---|
| Exhibit A | Affidavit of William Segrest |
| Exhibit B | Affidavit of Cynthia Dillard |
| Exhibit C | Affidavit of Sidney Williams |
| Exhibit D | Affidavit of Carolyn Flack |

### Defendant's Response and Arguments

*Statute of Limitations:*

Plaintiff fails to identify the "report" to which he refers in making his claim that false information is in his file. A pre-sentence report was prepared in 1998 when he was convicted of the crime for which he now serves a 20-year sentence. If this is the report to

which he refers, he is barred by the State's 2-year statute of limitations. Federal Courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker, 755 F.2d 1406, 1409 (11th Cir. 1985)*. Alabama law, provides that the applicable limitation period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp., 399 So.2d 263, 269-70 (Ala. 1981)*. The 2-year statute of limitations applies in this case. The Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners in May 1996. See *Ala. Code § 6-2-8(a) (1975, as amended)*. Further, Plaintiff had an opportunity to challenge any information he thought was false in the pre-sentence report at his sentencing hearing in 1998. He and/or his attorney had access to that information at sentencing.

### *Due Process:*

Inmates in Alabama do not have a liberty interest in being parole that is protected by the due process

clause of the Constitution. Alabama parole statutes call for discretionary rather than mandatory release on the part of the Parole Board. When the paroling statute is framed in discretionary terms there is no liberty interest created. *Thomas v. Seller, 691 F.2d 487, 489 (11th Cir. 1982).*

The Defendants named in this case did not consider Plaintiff for parole. Sidney Williams is the only Board member named in this action, the other Defendants are parole officers, and Williams did not sit on the panel that determined to deny Plaintiff's parole. None of these Defendants have taken an action that could violate Plaintiff's due process rights. *(Exhibits A,B,C,D).*

### *False Information:*

Plaintiff contends the Defendants relied upon false information in his file to deny his parole. The Defendants do not admit that there is false information in Plaintiff's file and adamantly deny any knowing reliance on false information. While *Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991)* establishes a constitutional claim for the knowing use of false

4

information by parole officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir. 1982)*. In *Slocum*, the Court held that prisoners do not state a due process claim by merely asserting that erroneous information may exist in their prison files. Prisoners cannot make a conclusory allegation regarding the use of false information as a basis of a due process claim. *Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001)*. Plaintiff asserts that his parole was denied base on false information. However, he does not provide one scintilla of proof that false information exist, only a blind allegation of its existence. This does not state a claim and the Defendants deny the allegation. *(Exhibits A,B,C,D)*.

### Conclusion

Plaintiff's claim of false information is barred by a 2-year statute of limitation.

Plaintiff does not enjoy a liberty interest in being paroled that is protected by the due process clause of the Constitution.

5

Plaintiff claims the named Defendants denied his parole. Not one of the named Defendants sat on the panel of Board members that denied Plaintiff's parole. In fact three of the Defendant's are not Board members at all.

Premises considered the Defendants are entitled to judgment.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 10-10-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **LEANDER CALHOUN, AIS #198389**
> **SOUTHERN LOUISIANA CORRECTIONAL CENTER**
> **BEAR CAT DORM-4-BED-38**
> **3843 STAGG AVENUE**
> **BASILE, LOUISIANA 70515**

Done this **10TH** day of **OCTOBER 2006**.

>   Respectfully submitted,
>
>   s/ STEVEN M. SIRMON
>   ASSISTANT ATTORNEY GENERAL
>   State Bar#: ASB-5949-S61S
>   Ala. Bd. Pardons and Paroles
>   301 South Ripley Street
>   P.O. Box 302405
>   Montgomery, Alabama 36130
>   Telephone: (334) 242-8700
>   Fax: (334) 353-4423
>   steve.sirmon@alabpp.gov

7