In The United States District Court for The Middle District of Alabama Northern Division

Case no: 2:06-CV-613-MEF

RECEIVED 2006 OCT 30 A 9:54 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

Leander Calhoun #198389
Plaintiff,

vs.

William Segrest, et. al.
Defendants.

Response To Defendants Written Report

Comes now, The plaintiff, Leander Calhoun, pro-se in the above-styled cause, and pursuant to this Court order of October 12, 2006, And pursuant Rule 56 of the Federal Rules of Civil Procedure and files his objection to the defendants report and the plaintiff shows the following in support thereof:

(1) The defendants incorrectly argue that the plaintiff claim is barred by 2-years statute of limitation, stating that the tolling provision of 6-2-8 (A) was recinded in 1996. However, the Ala. Code 1975) Section (A) Shall be subject to all existing provisions of Law relating to the computation of Statutory periods of Limitation for the Commenment of

actions, namely Section 6-2-2, 6-2-3, 6-2-5, 6-2-6, 6-2-8, 6-2-9, 6-2-10, 6-2-13, 6-2-16, 6-2-17, 6-2-30, 6-2-31, See also Reynolds v. Sheppard 818 So. 2d 389, 2001, Ala. Lexis 33 (Ala. 2001)

2.) 6-2-8 Specially Conveys a tolling provisions for the commencment of action brought a prisoner who is serving a sentence less than life, and was codified in Section 6-5-482 (B).

3.) The defendants conceed that the plaintiff does has a Constitutional right to guard against the use of false or erroneous information, under Monroe v. Thigpen, 932 F. 2d 1437 (11th Cir. 1991).

4) The defendants allege they have not violated plaintiff due process because they did not sit on the parole board.

5.) The defendants, Flack, William, Dillard, and Segrest, all allege they have checked the files and find no evidence of the alleged erroneous information.

6.) The defendants disclaim their responsibility ever though their dutyies include the overview and examination of the files in this case.

7) The plaintiff submits and Affidavit of personal knowledge that there exists evidence before the defendants, of the false information as set out in Exhibit A) attached.

8.) The Plaintiff avers that Summary Judgement is not appropriate if materials facts are indispute.

9) The defendants owe the plaintiff the Constitutional due process to assure that the information in his files is correct.

## Prayer for Relief

Wherefore based on the foregoing and Exhibit plaintiff prays this Court to deny the motion to dismiss and to schedule a hearing on the Complaint.

*Leander Calhoun*
Leander Calhoun
AIS# 198389-BearCat-4-Bed-38
S.L.C.C.
3843 Stagg Avenue
Basile, Louisiana 70515

Certificate of Service

I hereby Certify that, I have Served a true and Correct Copy of the foregoing pleading on all defendants by placing the same in the U.S. mail First Class Postage Pre-Paid and Properly address Correctly.

Respectfully Submitted On this 25th day of Oct. 2006.

*Leander Calhoun* #198389
Leander Calhoun #198389

William Segrest
Executive Director
Al. Bd of Pd an Paroles
301 South Ripley St.
P.O. Box 302405
Montgomery, Al. 36130

Sidney T. Williams
Chairman
Al. Bd. of Pd and Paroles
301 South Riple St.
P.O. Box 302405
Montgomery, Al. 36130

Cynthia Dillard
Executive Director
Al. Bd of Pd and Paroles
301 South Ripley St.
P.O. Box 302405
Montgomery Al. 36130

Carolyn Flack
Director of Board Operation
Al. Bd. of Pd. and Paroles
301 South Ripley St.
P.O. Box 302405
Montgomery, Al. 36130