IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEANDER CALHOUN, AIS#198389 )<br>)<br>Plaintiff,            )<br>)<br>)<br>v.                        )<br>)<br>)<br>WILLIAM SEGREST,          )<br>et al.,     )<br>)<br>Defendants.       ) | Case #2:06-CV-613-MEF |

**MOTION TO ALTER, AMEND, OR VACATE**

Comes, now, the Defendants, William Segrest, Cynthia Dillard, Sidney Williams, and Carolyn Flack in response to the Court's Orders dated October 30th, 2006 directing the Defendants to "*file with the court and provide to the plaintiff a copy of the pre-sentence investigation report prepared upon plaintiff's conviction for attempted rape*", and moves the Court to alter, amend, or vacate that order, and submits the following in support thereof:

1

## Board's File Materials Are Privileged

Records and files prepared by State Probation and Parole Officers for use by the Board of Pardons and Paroles are privileged by statute, *Ala. Code §15-22-36(b)*. The Alabama Supreme Court has held that *parole* files are absolutely privileged, *Ex parte Alabama Bd. of Pardons and Paroles, 814 So.2d 870 (Ala. 2001)*. The Board cannot waive its statutory privilege in relation to its parole files. To require the Defendant's to provide materials from its files (including the presentence report) would require them to violate clearly established state law.

Inmates routinely file actions in State and Federal Court making blind allegations and then seek discovery of the Board's file materials to fish for justification for the action. To allow discovery of the Board's file materials by this process will circumvent the State's privilege making it almost non-existent.

Allowing discovery of the Parole Board's file material will very likely to encourage frivolous law suits solely for discovery of otherwise *privileged* materials.

### No Liberty Interest In Parole

Prison inmates in Alabama do not have a *liberty interest* in being paroled that is protected by the due process clause of the Constitution. (*Thomas v. Seller, 691 F.2d 487, 489 (11th Cir. 1982); also see (Thompson v. Bd. Pardons and Paroles, 806 So.2d 374, (Ala.2001))*. Plaintiff has the burden of proof to show the Board relied on "*knowingly false*" information. Plaintiff has failed to meet his burden.

### False Information

While *Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991)* establishes a constitutional claim for the use of *known false* information by parole officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir. 1982)*. In *Slocum*, the Court held that prisoners do *not* state a due process claim by merely asserting that erroneous information may exist in their prison files. Prisoners cannot make a conclusory allegation regarding the use of false information as a basis of a due process claim. *Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001)*.

Furthermore, the Plaintiff has the burden not only to show false information exists, but that the paroling decision was based on that *known false* information. In the case at bar, the Plaintiff has failed to meet this burden. In fact, he has sued one Board member and three parole officers, none of whom participated in the decision to deny his parole. Parole officers do not make the paroling decision and the only Board member named in this action did not participate in the decision to deny his parole. It is perfectly clear, even if false information exist in his file, that none of the named defendants "knowingly relied" upon it, since none of them participated in the decision to deny parole. (See Defendant's affidavits submitted with the Special Report).

## Statute of Limitations

Plaintiff's challenge to the presentence report is barred by a 2-year statute of limitations. Plaintiff knew or should have known at sentencing whether or not the report contained materially false information – he was provided access to the report at sentencing.

**Conclusion**

For the foregoing reasons the Defendant's move the Court to alter, amend, or vacate its October 30th, 2006 Order, directing discovery of the Board's file material (pre-sentence report).

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 11-9-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>**LEANDER CALHOUN**
>**AIS# 198389-BEAR CAT-DORM-4-BED-38**
>**SOUTHERN LOUISIAN CORRECTIONAL CENTER**
>**3843 STAGG AVENUE**
>**BASILE, LOUISIANA 70515**

Done this **9TH** day of **November 2006.**

>Respectfully submitted,
>
>s/ STEVEN M. SIRMON
>ASSISTANT ATTORNEY GENERAL
>State Bar#: ASB-5949-S61S
>Ala. Bd. Pardons and Paroles
>301 South Ripley Street
>P.O. Box 302405
>Montgomery, Alabama 36130
>Telephone: (334) 242-8700
>Fax: (334) 353-4423
>steve.sirmon@alabpp.gov